UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLTON WALKER et al.,

                Plaintiffs,

       v.                                           9:23-CV-0206
                                                                      (GLS/DJS)

NEW YORK STATE DEPARTMENT
OF CORRECTION AND COMMUNITY
SUPERVISION et al.,

                Defendants.
_____

APPEARANCES:

CARLTON WALKER
Plaintiff, pro se
85-A-1559
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

JERMELL McLEAN
Plaintiff, pro se
17-A-5095
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

      This action was purportedly commenced by pro se plaintiffs Carlton Walker and Jermell McLean pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Both plaintiffs have signed the complaint, but neither has paid the required filing fee or submitted

the documents required to proceed in forma pauperis (IFP) in this action.

**II.   DISCUSSION**

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3.  The filing fee of $402.00 must also be paid at the time an action is commenced, unless a completed IFP application is submitted to the Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a). The federal statute governing applications to proceed IFP in federal court, provides, in pertinent part, that an IFP application filed by (or on behalf of) a prisoner must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  In accordance with Local Rule 5.1.4, a prisoner seeking IFP status in a civil action subject to the Prison Litigation Reform Act of 1995 (PLRA)[1] may satisfy this requirement by submitting a completed, signed, and certified IFP application.[2]  N.D.N.Y. L.R. 5.1.4(b)(1)(A).

Local Rule 5.1.4 provides, in pertinent part, that, if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action."  N.D.N.Y. L.R. 5.1.4(b)(2)(A).[3]

---

[1]  *See* Pub. L. No. 104-134, 110 Stat. 1321 (1995).

[2]  A "certified" IFP application is one on which the Certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the plaintiff's facility.  The Certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[3]  Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order."  It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The PLRA also requires a prisoner who brings a civil action or files an appeal IFP to "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). In accordance with the statute, the filing fee is paid over time from funds available in the plaintiff's prison account.[4]

Another judge in this District previously concluded that the fact that there are multiple plaintiffs in an action does not reduce or otherwise negate the obligation imposed on each incarcerated plaintiff to pay the filing fee under 28 U.S.C. § 1915(b)(1). *See Ashford v. Spitzer*, No. 9:08-CV-1036 (Decision and Order filed Mar. 16, 2010, Dkt. No. 127) (holding that, in an action filed by multiple prisoners proceeding IFP, each of the six plaintiffs "must individually comply with the [terms of] Section 1915(b)(1) which requires a prisoner to pay the full amount of the filing fee for any civil action commenced")[5]; *see also Razzoli v. Exec. Office of U.S. Marshals*, No. 10-CV-4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (holding that, where there are multiple prisoner plaintiffs, each must comply with the requirements for seeking IFP status); *Amaker v. Goord*, No. 09-CV-0396, 2009 WL 1586560, at *2 (W.D.N.Y. June 4, 2009) (holding that each plaintiff prisoner must file an IFP application and inmate authorization form) (citing cases). This Court agrees with that conclusion.

Thus, for this case to proceed on behalf of Walker and McLean, both of them must individually, within thirty (30) days from the filing date of this Decision and Order, **either (a)**

---

[4] In furtherance of this requirement, the Northern District of New York requires all inmates to submit, in addition to a fully completed, certified IFP application, the authorization form issued by the Clerk's Office. *See* N.D.N.Y. L.R. 5.4(b). The inmate authorization form authorizes periodic withdrawals in respect of the filing fee and acknowledges the inmate plaintiff's obligation to pay the entire $350.00 filing fee "regardless of the outcome of my lawsuit."

[5] The proper application of the requirement set forth in 28 U.S.C. § 1915(b)(1) that each prisoner plaintiff who seeks IFP status be required to pay "the full amount of the filing fee" to an action brought by multiple plaintiffs was discussed at length in *Ashford*. "Absent specific instruction from the Second Circuit, and after reviewing the decisions of the various Circuits that have addressed the issue, this Court finds that those cases concluding that prisoners may file joint actions but must each pay the full filing fee appear to be better reasoned." *Ashford* (No. 9:08-CV-1036, Decision and Order filed March 16, 2012, Dkt. No. 127 at 9).

pay the Court's filing fee of four hundred and two dollars ($402.00) in full, **or (b)** submit a completed, signed and certified IFP application **and** a signed inmate authorization form reflecting his consent to pay the $350.00 filing fee over time, in installments.[6]  Walker and McLean are advised that if either of them does not fully comply with this Decision and Order within thirty (30) days from the filing date hereof, that non-complying individual will be dismissed as a party to this action without prejudice and without further order of this Court.

In the event either or both plaintiffs elect to request permission to proceed IFP, the Court must evaluate whether (1) that plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the filing fee,[7] and (2) the three strikes provision of 28 U.S.C. § 1915(g) bars that plaintiff from proceeding IFP and without prepayment of the filing fee.[8]

In the event at least one of the plaintiffs timely complies with this Decision and Order and satisfies the filing fee requirement, the complaint will be subject to review under 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

### III.   CONCLUSION

---

[6]  The total cost for filing a civil action in this court is $402.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $52.00).  A party granted IFP status is not required to pay the $52.00 administrative fee; however, a prisoner granted IFP status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action.  *See* 28 U.S.C. § 1915(b)(3).

[7]  "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

[8]  Plaintiff Walker acknowledges in the complaint that he is also the plaintiff in *Walker v. Cuomo*, 9:20-CV-0082 (DNH/CFH).  *See* Compl. at 14.  By Decision and Order entered on March 31, 2020, the Honorable David N. Hurd denied Walker's application to proceed IFP pursuant to 28 U.S.C. § 1915(g) based on a determination that he had accumulated more than three "strikes" prior to commencing that action.  *See Walker v. Cuomo*, 9:20-CV-0082 (DNH/CFH), Dkt. No. 6 at 2-5.

**WHEREFORE**, it is hereby

**ORDERED** that Walker and McLean must each individually, **within thirty (30) days** from the date of the filing of this Decision and Order, **either (a)** pay the Court's filing fee of four hundred and two dollars ($402.00) in full **or (b)** submit a completed, signed and certified IFP application **and** a signed inmate authorization form reflecting his individual consent to pay the $350.00 filing fee over time, in installments; and it is further

**ORDERED** that, if, within the time period specified above, Walker and/or McLean fail to comply with the terms of this Decision and Order delineated above, the non-compliant individual will be dismissed from this action **without prejudice without further Order of this Court**; and it is further

**ORDERED** that, upon full compliance with this Decision and Order or at the expiration of the time set to comply, whichever is earlier, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that the Clerk shall send each plaintiff a copy of this Decision and Order, together with a blank IFP application and inmate authorization form.

**IT IS SO ORDERED.**

March 8, 2023
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge