UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLTON WALKER et al.,

                          Plaintiffs,          9:23-CV-0206
                                                         (GLS/DJS)

       v.

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION et al.,

                          Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

**FOR THE PLAINTIFFS:**
CARLTON WALKER
Plaintiff, pro se
85-A-1559
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

JERMELL McLEAN
Plaintiff, pro se
17-A-5095
Riverview Correctional Facility
PO Box 247
Ogdensburg, NY 13669

**FOR THE DEFENDANTS:**
HON. LETITIA JAMES                       JENNIFER J. CORCORAN
New York State Attorney General        Assistant Attorney General
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.   INTRODUCTION**

Pro se plaintiffs Carlton Walker and Jermell McLean commenced this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc.  Dkt. No. 1 ("Compl.").  The complaint was filed with an application to proceed in forma pauperis (IFP) made by McLean.  Dkt. No. 3 ("McLean's IFP Application").  Thereafter, plaintiff Walker paid the filing fee in full in lieu of separately requesting to proceed IFP.

By Decision and Order entered on June 8, 2023, this Court granted McLean's IFP Application, dismissed some of the claims and defendants from the action following a review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and found that certain other claims survived sua sponte review and required a response.  Dkt. No. 12 ("June 2023 Order").

On July 19, 2023, the Court received a letter from McLean advising of his address change, and requesting an extension of time to submit documents for service.  Dkt. No. 17.  By Text Order entered on July 20, 2023, McLean's letter request was denied as unnecessary in light of a prior Text Order entered by the Court.  Dkt. No. 18 ("July 2023 Text Order").  Six days later, the July 2023 Text Order sent to McLean was returned to the Court as undeliverable.  Dkt. No. 19.

On September 29, 2023, the Court received a motion from plaintiff Walker wherein he sought partial reconsideration of the June 2023 Order, and injunctive relief.  *See* Dkt. No. 24 ("Omnibus Motion").  The Omnibus Motion was not signed by McLean.

2

By Decision and Order entered on November 7, 2023, the Court, among other things, denied the Omnibus Motion in its entirety and directed McLean to advise the Court, within thirty (30) days, whether he wishes to remain a party to this proceeding.  Dkt. No. 29 ("November 2023 Order").  On November 21, 2023, the November 2023 Order sent to McLean was returned to the Court as undeliverable, with the word "Released" handwritten on the envelope.  Dkt. No. 31.

According to information publicly available on the New York State Department of Corrections and Community Supervision (DOCCS) website, McLean was released from custody on parole on November 2, 2023.  *See* DOCCS, Incarcerated Lookup, http://nysdoccslookup.doccs.ny.gov (last visited Jan. 10, 2024).

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[1]  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).[2]

---

[1] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[2] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the

Moreover, as previously noted in this District:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (*quoting Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

This matter cannot proceed with McLean as a party unless and until the Court is aware of his current address. Furthermore, both plaintiffs were expressly advised in the June 2023 Order that they are each "required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in their address," and that their "failure to do so may result in the dismissal of this action." *Id*. at 41-42. In addition, Rule 10.1(c)(2) of the Local Rules of Practice for the Northern District states that "**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" N.D.N.Y.L.R. 10.1(c)(2).[3] Based on McLean's actual and constructive notice of his obligation to maintain a current address, and his failure to do so or otherwise communicate with the Court since July, 2023, the Court has serious doubts about his desire to remain a party to this proceeding.

Nonetheless, out of an abundance of solicitude, and in light of McLean's pro se status,

---

judge has adequately considered a sanction less drastic than dismissal. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

[3] Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."

4

the Court will afford him a final opportunity to inform this Court, within thirty days, whether he wishes to continue with this action, and update his address. In the event McLean fails to timely comply with this Decision and Order, he will be dismissed from this action without prejudice and without further Order of the Court.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that McLean must notify the Court of his current address **within thirty (30) days** of the filing date of this Decision and Order if he wishes to avoid his dismissal from this action; and it is further

**ORDERED** that in the event McLean fails to timely comply with this Decision and Order, he will be **DISMISSED from this action without prejudice without further order of this Court**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties at their last known address of record.

**IT IS SO ORDERED.**

January 10, 2024
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge

5